USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/2/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

MICHELLE L. NATALE,

                          Plaintiff,

         -against-

COMMISSIONER OF SOCIAL SECURITY,

                         Defendant.

-----------------------------------------------------------------X

**OPINION AND ORDER**

**1:17-cv-00908 (KHP)**

      Plaintiff Michelle L. Natale, proceeding pro se, filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of a decision of the Commissioner of Social Security (the "Defendant" or "Commissioner") denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act"). For the following reasons, the Commissioner's motion to dismiss is GRANTED.

## BACKGROUND

      Plaintiff filed an application for DIB on September 11, 2015 for obesity, irritable bowel syndrome, Crohn's disease, syncope, psychiatric issues, and a left shoulder impairment. (Declaration of Cristina Prelle, dated March 29, 2017 ("Prelle Decl.") Exhibit ("Ex.") 1.)[1] An administrative law judge issued an unfavorable decision on July 6, 2016 denying Plaintiff's application for DIB. (*Id*.) Plaintiff then requested review of the decision by the Appeals Council, which denied Plaintiff's request on December 1, 2016. (Prelle Decl. Ex. 2.) The Appeals Council

---

[1] The Government submitted both the Administrative Law Judge's July 6, 2016 decision finding Plaintiff not disabled, as well as the Prelle Declaration in support of its motion to dismiss. Prelle is Acting Chief of Court Case Preparation and Review Branch 4 of the Office of Appellate Operations, Office of Disability and Review, Social Security Administration. (Prelle Decl. at 1.)

mailed Plaintiff a notice of its decision on December 1, 2016, advising Plaintiff that she had the right to commence a civil action within sixty days of receipt of the notice, which would be presumed to be five days after the date of the notice. (Prelle Decl. ¶ 3(a); *id.* Ex. 2.) The notice also informed Plaintiff that if she could not file a civil action within sixty days, she could ask the Appeals Council to extend her time to file if she had a good reason for needing more time. (Prelle Decl. Ex. 2.)

Plaintiff then filed her Complaint using a Southern District form and dated the Complaint February 7, 2017. (Compl. at 3.) The pro se Clerk's Office received and processed the Complaint that same day. (*Id*. at 1.) In her Complaint, Plaintiff asserts that she received the Appeals Council's notice on December 8, 2016. (*Id.* at 2.) Plaintiff did not request an extension of time to file her civil action from the Appeals Council. (Prelle Decl. ¶ 3(b).) On May 22, 2017, the Commissioner moved to dismiss the Complaint as untimely pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative Federal Rule 56. (Doc. No. 10.) On June 26, 2017, the Court issued an order directing Plaintiff to file an opposition to the motion by July 21, 2017. (Doc. No. 15.) Plaintiff did not oppose the motion to dismiss.

## DISCUSSION

### I. *Legal Standard*

The exclusive remedy for a plaintiff who seeks judicial review of the Commissioner's final decision is provided for by Sections 205(g) and (h) of the Social Security Act. 42 U.S.C. §§ 405(g), (h); *see also Wong v. Bowen*, 854 F.2d 630, 631 (2d Cir. 1988). The provisions set forth a sixty-day period in which a plaintiff must commence his or her civil suit, "or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). The sixty-day period

begins on the date the Appeals Council notice is received, and a Plaintiff is presumed to have received the notice five days after it is dated. 20 C.F.R. 422.210(c); *see also Wong,* 854 F.2d at 631. Further, the Clerk's Office must receive the Plaintiff's complaint within the sixty-day period. *See Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 78 (2d Cir. 2003).

Because the limitations period "defines the terms on which the United States waives its sovereign immunity and consents to be sued, it is strictly construed" even where the delay is minor and the plaintiff is pro se. *Davila v. Barnhart,* 225 F. Supp. 2d 337, 338 (S.D.N.Y. 2002) (citations omitted); *Randell v. United. States*, 64 F.3d 101, 106 (2d Cir. 1995); *Borrero v. Colvin*, No. 14CV5304-LTS-SN, 2015 WL 1262276, at *3 (S.D.N.Y. Mar. 19, 2015) (collecting cases). Therefore, "[f]ailure to file a complaint within the statutory limitation most often requires dismissal of the case . . . ." *Borrero*, 2015 WL 1262276, at *3. There are, however, cases where the equities in favor of tolling the limitations period are "so great that deference to the agency's judgment is inappropriate." *Bowen v. City of N.Y.*, 476 U.S. 467, 480 (1986) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976)). To qualify for equitable tolling, a plaintiff must "show that 'he has been pursuing his rights diligently' and that 'some extraordinary circumstance stood in his way.'" *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Plaintiff bears the burden of establishing the exceptional circumstances warranting equitable tolling, *Davila*, 225 F. Supp. 2d at 339, and it should only be applied in the "rare case," *Bowen*, 476 U.S. at 481.

A statute of limitations defense based exclusively on dates contained in the complaint or appended materials may be properly asserted by a defendant in a Rule 12(b)(6) motion. *Rodriguez ex rel. J.J.T. v. Astrue,* No. 10-cv-9644 (PAC) (JLC), 2011 WL 7121291, at *2 (S.D.N.Y.

July 25, 2011), *adopted by*, 2012 WL 292382, at *1-2 (S.D.N.Y. Jan. 31, 2012). Indeed, a motion to dismiss on statute of limitations grounds generally is treated as a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). *Id.* (quotations omitted). Accordingly the Court "must accept all factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." *Jaghory v. N. Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997) (citations omitted).

## II. *Application Of Legal Standard*

The Commissioner argues that Plaintiff's action is barred by the time limitation specified in Section 205(g) of the Act because it was not commenced within sixty days after the final decision of the Commissioner. The Appeals Council issued its decision denying Plaintiff's request for review on December 1, 2016, and expressly notified Plaintiff that she had sixty days from the date of receipt of the notice to file a complaint. There is no dispute that Plaintiff received the notice and that the notice was dated December 1, 2016, but Plaintiff alleges in her Complaint that she did not receive the notice until December 8, 2016. Plaintiff is presumed, however, to have received the Appeals Council's notice five days after the date on the notice, "unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c). Plaintiff has produced no such evidence to support her statement that she received the notice on December 8, 2016. However, whether Plaintiff received the notice on December 8, 2016, the date she alleged, or December 6, 2016, five days after the notice was dated, Plaintiff's Complaint is untimely. Plaintiff was required to file her Complaint by February 6, 2017 at the latest, which is

4

sixty days after December 8, 2016. But Plaintiff's Complaint was not filed until February 7, 2017, one day after her time expired. (Prelle Decl. ¶ 3(c); Compl. at 1.)

Further, reviewing the Complaint in the light most favorable to Plaintiff, there is nothing to indicate that she is entitled to equitable tolling. Although Plaintiff's delay was slight, her Complaint was nonetheless untimely, and she does not point to any extraordinary circumstances to excuse the delay. Plaintiff also was advised that she had an opportunity to seek an extension of time to file her Complaint with the Appeals Council, but Plaintiff did not request an extension of time. (Prelle Decl. ¶ 3(b).) Additionally, Plaintiff failed to oppose the Commissioner's motion to dismiss and thus she did not explain why she was late in filing her Complaint or provide any diligent steps that she took to attempt to meet the sixty-day deadline.

Accordingly, Plaintiff is not entitled to equitable tolling of the statute of limitations and Defendant's motion to dismiss the Complaint as time-barred is granted. *See Galage v. Colvin*, No. 15-cv-3305 (GBD) (RLE), 2015 WL 9684602, at *3 (S.D.N.Y. Oct. 23, 2015), *adopted by*, 2016 WL 94253 (S.D.N.Y. Jan. 7, 2016) (denying plaintiff's request for equitable tolling where plaintiff neither demonstrated reasonable diligence nor pled facts constituting extraordinary circumstances for equitable tolling); *Davila*, 225 F. Supp. 2d at 340 (acknowledging that "the strict application of the traditional principles of equitable tolling seems particularly harsh" where plaintiff "filed her complaint only one day late," but holding that plaintiff's complaint was time-barred, and noting that "courts have not hesitated to enforce the [sixty]-day limit as a firm limit.") (citations omitted).

## CONCLUSION

For the foregoing reasons the Commissioner's motion to dismiss is GRANTED. The Clerk is respectfully directed to terminate the motion pending at document number 10, enter judgment in favor of Defendant, and close the case.

Date: August 2, 2017
New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge